McLain v. Lawson.

## McLAIN v. LAWSON.

1. **New trial: NEWLY DISCOVERED EVIDENCE.** In a proceeding to obtain a new trial upon the ground of newly discovered evidence, the application must be based upon meritorious grounds; and when it is apparent that the applicant is relying upon technical grounds rather than upon the merits, and the substantial rights of the parties have been once fairly settled and adjudicated, a new trial will' be refused.

*Appeal from Polk District Court.*

THURSDAY, JULY 23.

In 1865, defendant brought his action against plaintiff to recover for certain sawing done by Patterson & Casebeer, for plaintiff, at the instance of defendant. There was a trial in August of the same year. Verdict and judgment for Lawson in the sum of $81.62. In June, 1866, McLain, the present plaintiff, commenced this proceeding to obtain a new trial, upon the ground of newly discovered evidence. The petition was fully heard, the new trial refused, and he appeals.

*McHenry & Kendall* for the appellant.

*S. Sibley* for the appellee.

WRIGHT, J. — It seems that Lawson held a note against
Patterson & Casebeer; that he, at one time,
brought suit on it, and that they, in their
answer, made a claim against him for sawing.

*NEW TRIAL: newly discovered evidence.*

That action was settled prior to the time McLain was
sued in this. His (McLain's) name is not mentioned in the
account, annexed to the answer of Patterson & Casebeer,
but a portion of the sawing therein mentioned was done
for him. Before the trial in this case (in 1865), McLain
and his attorneys made search for this answer and the
entire pleadings — using all necessary diligence — believing that they were important to his defense and as tending to contradict and disprove the claim as made by Lawson in his petition. Their search was unsuccessful, but
they made no effort to continue the case on account of the
loss of such papers, or otherwise. They were found a short
time before filing the petition for a new trial, and this is
a part of the newly discovered evidence, which appellant
claims he should have an opportunity to introduce, and
which he insists will entitle him, with one other item of
evidence, to a verdict.

That other item is this: a witness who testified in the
former trial, will " state that Lawson, about the time he
settled with Patterson & Casebeer, spoke of getting an
account against McLain; that they would not pay interest, but if he got the account he would make him pay
interest." And thus we have the case made for a new
trial.

It was properly refused. We make no question as to
the appellant's diligence in endeavoring to discover and
produce this testimony. This is conceded. But as to

McLain v. Lawson.

the record, he knew of its existence, and yet made no effort either to continue the cause, that he might have time to produce it, or to prove its contents — as a lost paper — notwithstanding the contents were known. The account was copied from a book, for instance, kept by Patterson & Casebeer, and no reason is shown why this was not produced.

Then, again, there were those present who copied the same. Not only so, but the whole nature of this account, how it originated and every thing connected with it was as fully shown as it could possibly be by this record. So, also, what Lawson is alleged to have said to the witness and which is relied upon as newly discovered evidence, was in substance before the jury on the former trial. If, however, in this we are mistaken, we remark, that the testimony would seem to strengthen rather than weaken plaintiff's case. The claim, that it is against the recovery grows out of the fact, that Lawson sued for sawing done at his request, whereas the evidence would tend to show a purchase of the account. In the stage of the case, when made, the objection is purely technical. The petitioner must stand upon a defense meritorious, and attack the merits of plaintiff's claim in this proceeding. Courts should not grant new trials for this cause when it is apparent that the applicant is relying upon technical ground, and when the substantial rights of the parties have been once fairly settled and adjudicated. Not only so, but all this evidence was fairly cumulative. If not so, giving it all the weight that can possibly be claimed for it, we do not see how it could change the result. Add to this the significant fact, that no motion was made for a new trial, at the rendition of the verdict; that no complaint was made against the rulings of the court, either in admitting or rejecting evidence,

or otherwise, and we have no hesitation whatever in ordering the judgment below to stand

Affirmed.